# Exhibit

# A



COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: 23-325

> FILED
> IN THE OFFICE OF THE
> **CLERK OF COURTS**
> FOR THE COUNTY OF MIDDLESEX
>
> FEB **0 1** 2023
>
> CLERK

JANICE GERONIMO,

          Plaintiff,

v.

MELROSE-WAKEFIELD
HEALTHCARE, CORP.

          Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

## PARTIES

1.    Plaintiff, Janice Geronimo, (hereinafter, the "Plaintiff") is a resident of Medford,

Middlesex County, Commonwealth of Massachusetts.

2.    Defendant, Melrose-Wakefield Healthcare, Corp. (hereinafter, the "Defendant"), is a duly

formed Massachusetts corporation, with its principal offices located at 585 Lebanon Street,

Melrose, Massachusetts 02176.

## FACTS

3.    Plaintiff was employed by the Defendant from January 2, 2007 until the Defendant

wrongfully terminated her on December 1, 2021. During her employment, she was a member of

the "1199SEIU Union".

4.    Defendant announced that they would be implementing a COVID-19 Vaccination Policy

(hereinafter, the "Vaccination Policy"), requiring all employees to be vaccinated against the

COVID-19 virus as a condition of their employment.

5.      The Vaccination Policy included a process for requests for religious and medical exemptions, which included making a request for such by October 1, 2021.

6.      On September 21, 2021, Plaintiff made a timely request for a Religious Exemption due to her sincerely held religious beliefs, which prevent her from taking the COVID-19 vaccine.

7.      On December 1, 2021, the Defendant issued Plaintiff a termination letter, which stated that the Plaintiff was being terminated due to her failure to comply with the Vaccine Policy.

8.      After her termination, on December 26, 2021, Plaintiff applied for unemployment insurance. This application was ultimately withdrawn due to alleged fraudulent activity years prior. Plaintiff re-applied for unemployment insurance on or about March 22, 2022. This application was accepted, and unemployment compensation was allowed.

9.      In 2022, Plaintiff filed a discrimination claim with the Equal Employment Opportunity Commission (hereinafter, the "EEOC").

10.     On or about November 3, 2022, the EEOC issued Plaintiff a "Right to Sue Letter", attached hereto as "**Exhibit A**".

11.     As a result of her wrongful termination by the Defendant, Plaintiff suffered a substantial loss of income, loss of medical and dental benefits and was caused to incur costs as a result of losing her employment.

12.     As a result of her wrongful termination by the Defendant, Plaintiff suffered severe emotional distress, as well having been put in fear of bodily injury by the threat of the vaccine.

13.     Plaintiff has firmly held religious beliefs and to be vaccinated with the COVID-19 vaccine would be a violation of those beliefs.

2

14.     According to one of the leading authorities in the United States relative to the COVID-19 vaccination, the CDC, being vaccinated with the COVID-19 vaccine neither prevents a person from contracting COVID-19 nor prevents said person from spreading COVID-19.

15.     Persons who are vaccinated and still contract COVID-19 are more likely to spread the disease than are unvaccinated persons because vaccinated persons contracting COVID-19 usually suffer either mild or no symptoms of the illness.

16.     Defendant could have easily accommodated Plaintiff's religious beliefs by taking less severe methods of preventing any possible spread of COVID-19 by, e.g., mandating Plaintiff to wear a mask and take frequent COVID-19 tests.

## COUNT I
### (DETRIMENTAL RELIANCE/PROMISSORY ESTOPPEL)

17.     Plaintiff re-alleges and incorporates the foregoing paragraphs 1-16 as set forth again here.

18.     Plaintiff relied on the promises or implied promises of the Defendant, all to her great detriment.

19.     Plaintiff relied on the Defendant's promise or implied promise that Defendant would treat Plaintiff fairly and equally and not terminate Plaintiff's employment for unlawful reasons, such as denying a sincerely held religious belief, or for nonsensical reasons, such as requiring Plaintiff to get vaccinated in order to prevent the spread of a disease when getting such vaccination would not prevent the spread of the disease.

## COUNT II
### (TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP)

20.     Plaintiff re-alleges and incorporates the foregoing paragraphs 1-19 as set forth again here.

21.     Defendant tortiously caused interference with Plaintiff's income, pension, and medical benefits by denying Plaintiff her religious exemption to not get the COVID-19 vaccine because of firmly held religious beliefs against that particular vaccine, and to mandate Plaintiff get the vaccine to prevent Plaintiff from spreading the disease if she contracted it, when it was well known and understood that being vaccinated did not prevent a person from spreading the disease.

## COUNT III
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

22.     Plaintiff re-alleges and incorporates the foregoing paragraphs 1-21 as set forth again here.

23.     The Defendant's intentional conduct of fraudulently representing that taking the COVID-19 vaccination would prevent Plaintiff from spreading the disease, and by intentionally denying Plaintiff's religious exemption from taking the vaccine, was extreme and outrageous conduct beyond all possible bounds of decency, and the type of conduct that is utterly intolerable.

24.     The Defendant, with its retaliatory conduct of terminating Plaintiff's employment because Plaintiff refused to take the COVID-19 vaccination, intended to cause the Plaintiff to suffer emotional distress and/or knew, or should have known, that severe emotional distress was likely to result based on the aforementioned conduct.

25.     The actions of the Defendant were of such an egregious nature that no reasonable person should anticipate or be required to endure.

26.     As a result of Defendant's action Plaintiff has sustained substantial financial losses and has experienced extreme mental anguish.

## COUNT IV
## (GOOD FAITH AND FAIR DEALING)

27.     Plaintiff re-alleges and incorporates the foregoing paragraphs 1-26 as set forth again here.

28.     The Defendant wrongly terminated Plaintiff's employment and caused her financial loss

of income, pension, and medical benefits and mental distress because of Plaintiff's sincerely held

religious beliefs.

29.     Said actions by the Defendant were wrongful, intentional, and against public policy.

30.     In taking the detrimental actions as stated herein, the Defendant violated its duty of good

faith and fair dealing.

## COUNT VII
## (ASSAULT)

31.     The Plaintiff re-alleges the foregoing Paragraphs 1-30 as if set forth again here.

32.     The actions of the Defendant placed the Plaintiff in fear and apprehension of imminent

bodily harm.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS HONORABLE COURT:**

Enter Judgment against the Defendant, finding that the Defendant's conduct was

knowingly and intentionally in bad faith, with knowledge or reason to know that their acts would

cause substantial hardship to the Plaintiff, and against public policy and common law, for damages

as follows:

1. An amount to be determined at trial of this matter, but at minimum, Two Million dollars

("$2,000,000.00") for general costs and damages.

2. For general damages in an amount to be determined for emotional distress, embarrassment,

humiliation, anxiety, sleeplessness, and emotional trauma;

3. For all reasonable attorney's fees;

4. For all applicable interests and related costs;

5. For the costs of suit incurred herein, and;

6. For all other relief this Honorable Court deems meet, and just.

**The Plaintiff demands a trial by jury on all counts.**

Respectfully submitted,
The Plaintiff,
Janice Geronimo,
By her attorneys,

DATED: February 1, 2023

*/s/ Richard C. Chambers, Jr., Esq.*
Richard C. Chambers, Jr., Esq.
BBO#: 651251
Chambers Law Office
220 Broadway, Suite 404
Lynnfield, MA 01940
Office: (781) 581-2031
Cell: (781) 363-1773
Fax: (781) 581-8449
Email: richard@chamberslawoffice.com

DATED: February 1, 2023

*/s/ Joseph Spinale., Esq.*
Joseph Spinale, Esq.
BBO#: 548547
Chambers Law Office
220 Broadway, Suite 404
Lynnfield, MA 01940
Office: (781) 581-2031
Cell: (781) 838-1411
Fax: (781) 581-8449
Email: Joe@chamberslawoffice.com

6

# EXHIBIT A



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Boston Area Office
15 New Dudbury St, Room 475
Boston, MA 02203
(617) 865-3670
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161 & 161-A)

**To:** Miss Janice A. Geronimo                   Issued On: 11/03/2022
10 Nathaniel Road
MEDFORD, MA 02155
Charge No: 523-2022-02721

EEOC Representative and email:   Susan Boscia
Investigator
susan.boscia@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Timothy Riera
11/03/2022
Timothy Riera
**Acting District Director**

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 23-325 | Trial Court of Massachusetts The Superior Court |
|---|---|---|



**COUNTY** Middlesex Superior Court (Woburn)

| Plaintiff | Janice Geronimo | Defendant: | Melrose-Wakefield Healthcare, Corp. |
|---|---|---|---|
| ADDRESS: | 10 Nathaniel Road, Medford, MA 02155 | ADDRESS: | 585 Lebanon Street, Melrose, MA 02176 |
| | | | |
| | | | |
| Plaintiff Attorney: | Richard C. Chambers, Jr., Esq. | Defendant Attorney: | |
| ADDRESS: | 220 Broadway, Suite 404, Lynnfield, MA 01940 | ADDRESS: | |
| | | | |
| | | | |
| BBO: | 651251 | BBO: | |
| Plaintiff Attorney: | Joseph Spinale, Esq. | Defendant Attorney: | |
| ADDRESS: | 220 Broadway, Suite 404, Lynnfield, MA 01940 | ADDRESS: | |
| | | | |
| | | | |
| BBO: | 548547 | BBO: | |

## TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| D09 | Interference in Contractual Relationship | F | ☒ YES   ☐ NO |

*If "Other" please describe:

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☐ YES   ☒ NO | ☐ YES   ☒ NO |

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

A. Documented medical expenses to date

| | |
|---|---|
| 1. Total hospital expenses | $0.00 |
| 2. Total doctor expenses | $0.00 |
| 3. Total chiropractic expenses | $0.00 |
| 4. Total physical therapy expenses | $0.00 |
| 5. Total other expenses (describe below) | $0.00 |
| | |
| Subtotal (1-5): | $0.00 |
| B. Documented lost wages and compensation to date | $0.00 |
| C. Documented property damages to date | $0.00 |
| D. Reasonably anticipated future medical and hospital expenses | $0.00 |
| E. Reasonably anticipated lost wages | $0.00 |
| F. Other documented items of damages (describe below) | $2,000,000.00 |
| | |
| TOTAL (A-F): | $2,000,000.00 |

*(stamp:)* FILED IN THE OFFICE OF THE CLERK OF COURTS FOR THE COUNTY OF MIDDLESEX  FEB 01 2023  CLERK

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

## CONTRACT CLAIMS

☒ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

| Signature of Attorney/Self-Represented Plaintiff: X  /s/ Richard C. Chambers, Jr., Esq. | Date: | February 1, 2023 |
|---|---|---|

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION UNDER S.J.C. RULE 1:18(5)**

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney: X   /s/ Richard C. Chambers, Jr., Esq. | Date: | February 1, 2023 |
|---|---|---|

| TRIAL COURT OF MASSACHUSETTS | NOTICE OF APPEARANCE | |
|---|---|---|

| COURT DEPARTMENT | DIVISION OR COUNTY | |
|---|---|---|
| Superior | Middlesex Superior | COURT USE ONLY |

| CASE NAME | DOCKET NUMBER |
|---|---|
| *[In Matter of]* Janice Geronimo | 2381cv00325 |
| *[v.]* Melrose-Wakefield Healthcare, Corp. | |

## TO THE CLERK- MAGISTRATE / RECORDER / REGISTER:

Please enter my appearance in the above-named matter

☒ for myself.

☒ as attorney for   Melrose-Wakefield Healthcare, Corp.

_____ .

(Name(s))

4/18/2023

RECEIVED

| NAME (FIRST, MIDDLE, LAST) | B.B.O. NUMBER (IF APPLICABLE) |
|---|---|
| Jamie Kessler | 681867 |

| FIRM OR AGENCY NAME (IF APPLICABLE) | OFFICE OR HOME PHONE NUMBER |
|---|---|
| Jackson Lewis P.C. | 617-367-0025 |

| STREET ADDRESS | APT/UNIT # | MOBILE PHONE NUMBER |
|---|---|---|
| 75 Park Plaza - 4th Floor | | 908-433-5580 |
| | | FAX NUMBER |

| CITY/TOWN | STATE | ZIP CODE | E-MAIL ADDRESS |
|---|---|---|---|
| Boston | MA | 02116 | Jamie.Kessler@JacksonLewis.com |

| DATED | SIGNATURE |
|---|---|
| 4/18/2023 | X |

| TRIAL COURT OF MASSACHUSETTS | NOTICE OF APPEARANCE | |
|---|---|---|
| **COURT DEPARTMENT**<br>Superior | **DIVISION OR COUNTY**<br>Middlesex Superior | **COURT USE ONLY** |
| **CASE NAME**<br><br>*[In Matter of]*<br><br>Janice Geronimo<br><br>―――――――――――<br><br>*[v.]*<br><br>Melrose-Wakefield Healthcare, Corp. | | **DOCKET NUMBER**<br>2381cv00325 |

## TO THE CLERK- MAGISTRATE / RECORDER / REGISTER:

Please enter my appearance in the above-named matter

[x] for myself.

[x] as attorney for   Melrose-Wakefield Healthcare, Corp.
―――――――――――――――――――――――――――――――――――――――――――――― .
―――――――――――――――――――――――――――――――――――――――――――――――
(Name(s))

4/18/2023

RECEIVED

| NAME (FIRST, MIDDLE, LAST)<br>Eve R. Keller | | B.B.O. NUMBER (IF APPLICABLE)<br>Pending |
|---|---|---|
| FIRM OR AGENCY NAME (IF APPLICABLE)<br>Jackson Lewis P.C. | | OFFICE OR HOME PHONE NUMBER<br>617-367-0025 |
| STREET ADDRESS<br>75 Park Plaza - 4th Floor | APT/UNIT # | MOBILE PHONE NUMBER<br>610-633-6784 |
| | | FAX NUMBER |
| CITY/TOWN<br>Boston | STATE<br>MA · ZIP CODE<br>02116 | E-MAIL ADDRESS<br>Eve.Keller@jacksonlewis.com |
| DATED<br>4/18/2023 | SIGNATURE<br>X *Eve R Keller* | |

## COMMONWEALTH OF MASSACHUESETTS

MIDDLESEX, ss                              SUPERIOR COURT DEPARTMENT
                                           CIVL ACTION NO. 2381CV00325

---

JANICE GERONIMO,

        Plaintiff,

v.

MELROSE-WAKEFIELD HEALTHCARE,
CORP.,

        Defendant.

---

RECEIVED

4/18/2023

### DEFENDANT'S ASSENTED-TO MOTION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S COMPLAINT THROUGH MAY 12, 2023

Defendant Melrose-Wakefield Healthcare, Corp., ("Defendant") through counsel, with the assent of Plaintiff, respectfully moves this Court to extend the deadline for Defendant to serve and file a response to Plaintiff's Complaint in this action, currently set for April 18, 2023, up to and including May 12, 2023. Counsel for Defendant has conferred with counsel for Plaintiff, who has assented to this Motion. As grounds for this Motion, Defendant states the following:

1.      Plaintiff filed her Complaint on February 1, 2023.

2.      Defendant was served with the Complaint on March 29, 2023.

3.      Defendant has been working diligently to gather information to respond to Plaintiff's Complaint and requires additional time to respond.

4.      Counsel for both parties have agreed to the extended deadline of May 12, 2023.

5.      No party will be prejudiced by the extension.

WHEREFORE, Defendant respectfully requests that the deadline for Defendant to respond to Plaintiff's Complaint be extended to May 12, 2023.

AM

Respectfully submitted,

Defendant

By their attorneys,

*/s/ Jamie Kessler*
Jamie Kessler, BBO # 681867
Jamie.Kessler@jacksonlewis.com
Eve R. Keller, BBO # Pending
Eve.Keller@jacksonlewis.com
Jackson Lewis P.C.
75 Park Plaza, 4th Floor
Boston, Massachusetts 02116
(617) 367-0025

Dated: April 18, 2023

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(2)

I, Jamie Kessler, hereby certify that I have conferred with Plaintiff's counsel of record on this motion and that Plaintiff's counsel assented to the motion.

*/s/ Jamie Kessler*
Jackson Lewis P.C.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 18th day of April 2023, a copy of the forgoing was served on all counsel of record via the Court's ECF System.

*/s/ Jamie Kessler*
Jackson Lewis P.C

Date Filed 4/18/2023 3:27 PM
Superior Court - Middlesex
Docket Number 2381CV00325

3                                                                    D

COMMONWEALTH OF MASSACHUESETTS

MIDDLESEX, ss                              SUPERIOR COURT DEPARTMENT
                                           CIVL ACTION NO. 2381CV00325

JANICE GERONIMO,

      Plaintiff,

v.                                                        **RECEIVED**

MELROSE-WAKEFIELD HEALTHCARE,                                 4/18/2023
CORP.,

      Defendant.

**DEFENDANT'S ASSENTED-TO MOTION TO EXTEND TIME TO RESPOND TO
PLAINTIFF'S COMPLAINT THROUGH MAY 12, 2023**

    Defendant Melrose-Wakefield Healthcare, Corp., ("Defendant") through counsel, with the
assent of Plaintiff, respectfully moves this Court to extend the deadline for Defendant to serve and
file a response to Plaintiff's Complaint in this action, currently set for April 18, 2023, up to and
including May 12, 2023. Counsel for Defendant has conferred with counsel for Plaintiff, who has
assented to this Motion. As grounds for this Motion, Defendant states the following:

    1.    Plaintiff filed her Complaint on February 1, 2023.

    2.    Defendant was served with the Complaint on March 29, 2023.

    3.    Defendant has been working diligently to gather information to respond to
Plaintiff's Complaint and requires additional time to respond.

    4.    Counsel for both parties have agreed to the extended deadline of May 12, 2023.

    5.    No party will be prejudiced by the extension.

    WHEREFORE, Defendant respectfully requests that the deadline for Defendant to respond
to Plaintiff's Complaint be extended to May 12, 2023.

                                                                   AM

Date Filed 5/11/2023 3:50 PM
Superior Court - Middlesex
Docket Number 2381CV00325

Case 1:23-cv-11138-RGS  Document 1-3  Filed 05/22/23  Page 18 of 26

RECEIVED

4

5/11/2023

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: 2381CV00325

JANICE GERONIMO,

        Plaintiff,

v.

MELROSE-WAKEFIELD
HEALTHCARE, CORP.

        Defendant.

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1.     Plaintiff, Janice Geronimo, (hereinafter, the "Plaintiff") is a resident of Medford, Middlesex County, Commonwealth of Massachusetts.

2.     Defendant, Melrose-Wakefield Healthcare, Corp. (hereinafter, the "Defendant"), is a duly formed Massachusetts corporation, with its principal offices located at 585 Lebanon Street, Melrose, Massachusetts 02176.

### FACTS

3.     Plaintiff was employed by the Defendant from January 2, 2007 until the Defendant wrongfully terminated her on December 1, 2021. During her employment, she was a member of the "1199SEIU Union".

FW

4.     Defendant announced that they would be implementing a COVID-19 Vaccination Policy (hereinafter, the "Vaccination Policy"), requiring all employees to be vaccinated against the COVID-19 virus as a condition of their employment.

5.     The Vaccination Policy included a process for requests for religious and medical exemptions, which included making a request for such by October 1, 2021.

6.     On September 21, 2021, Plaintiff made a timely request for a Religious Exemption due to her sincerely held religious beliefs, which prevent her from taking the COVID-19 vaccine.

7.     On December 1, 2021, the Defendant issued Plaintiff a termination letter, which stated that the Plaintiff was being terminated due to her failure to comply with the Vaccine Policy.

8.     After her termination, on December 26, 2021, Plaintiff applied for unemployment insurance. This application was ultimately withdrawn due to alleged fraudulent activity years prior. Plaintiff re-applied for unemployment insurance on or about March 22, 2022. This application was accepted, and unemployment compensation was allowed.

9.     In 2022, Plaintiff filed a discrimination claim with the Equal Employment Opportunity Commission (hereinafter, the "EEOC").

10.     On or about November 3, 2022, the EEOC issued Plaintiff a "Right to Sue Letter".

11.     As a result of her wrongful termination by the Defendant, Plaintiff suffered a substantial loss of income, loss of medical and dental benefits and was caused to incur costs as a result of losing her employment.

12.     As a result of her wrongful termination by the Defendant, Plaintiff suffered severe emotional distress, as well having been put in fear of bodily injury by the threat of the vaccine.

13.     Plaintiff has firmly held religious beliefs and to be vaccinated with the COVID-19 vaccine would be a violation of those beliefs.

14.     According to one of the leading authorities in the United States relative to the COVID-19 vaccination, the CDC, being vaccinated with the COVID-19 vaccine neither prevents a person from contracting COVID-19 nor prevents said person from spreading COVID-19.

15.     Persons who are vaccinated and still contract COVID-19 are more likely to spread the disease than are unvaccinated persons because vaccinated persons contracting COVID-19 usually suffer either mild or no symptoms of the illness.

16.     Defendant could have easily accommodated Plaintiff's religious beliefs by taking less severe methods of preventing any possible spread of COVID-19 by, e.g., mandating Plaintiff to wear a mask and take frequent COVID-19 tests.

## COUNT I

## VIOLATION OF M.G.L. CHAPTER 151 AND VIOLATION OF TITLE VII

17.     The Plaintiff re-alleges the foregoing Paragraphs 1-16 as if set forth again here.

18.     The Plaintiff at all relevant times was engaged in protected activity under MGL Chapter  42 USC § 2000e *et seq.*

19.     The Defendant wrongly, arbitrarily and capriciously denied Plaintiff a religious exemption from having to inject himself with the COVID-19 vaccine.

20.     The Defendant retaliated against the Plaintiff because she refused to inject the COVID-19 vaccine.

21.     The Defendant at all times knew, or should have known, that the COVID-19 vaccine did not prevent contracting nor spreading the disease.

## COUNT II

## VIOLATION OF PLAINTIFFS' EQUAL PROTECTION AND TREATMENT RIGHTS

22. The Plaintiff re-alleges the foregoing Paragraphs 1-21 as if set forth again here.

23. The actions of the Defendant denied the Plaintiff her rights to Equal Protection and equal treatment as guaranteed to her by the United States Constitution.

24. Pursuant to the Fourteenth Amendment to the United States Constitution, the Plaintiff had a right to the Equal Protection and Due Process of laws.

25. The Plaintiff had a right to be treated equally as their co-workers who elected to receive the COVID-19 vaccine.

26. The Plaintiff was treated differently than other employees who opted to receive the COVID-19 vaccine because of her sincerely held religious beliefs that were not accommodated, she was placed on an un-paid administrative leave, and she was ultimately let go from her employment.

27. The Defendant at all times knew, or should have known, that the COVID vaccine did not prevent contracting nor spreading the disease.

## COUNT III

## VIOLATION OF PLAINTIFFS' SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS

28. The Plaintiff re-alleges the foregoing Paragraphs 1-27 as if set forth again here.

29. The actions of the Defendant denied the Plaintiff her rights to Due Process of Law as guaranteed to her by the United States Constitution.

30. Plaintiff has the right and protected interest under the First, Fourth and Fourteenth Amendment to the United States Constitution and Articles IV, X, XX, XXI, XXIX, and

XXX of the Massachusetts Declaration of Rights to be from the invasion of bodily integrity and to be free from unwanted medical intervention.

31. Because of these rights enjoyed by the Plaintiff directly under both the United States Constitution and the Massachusetts Declaration of Rights as mentioned above, she substantive due process rights were denied when the Defendant mandated the COVID-19 vaccine upon the Plaintiff, refused to honor her sincerely held religious beliefs and grant her Religious Exemption from said vaccine and wrongfully terminating him from her employment in retaliation.

32. Because of the Defendant's action and inactions as aforementioned, the Plaintiff's procedural due process rights were denied and violated.

33. The Plaintiff had a procedural due process right to a fair process by the Defendant in considering Plaintiff's sincerely held religious belief and accommodating said belief; in this case, by mandating Plaintiff to continue working but wearing a mask during work and taking frequent COVID tests, which leading authorities said were effective measures in preventing the spread of the disease.

34. The Defendant at all times knew, or should have known, that the COVID vaccine did not prevent contracting nor spreading the disease.

### COUNT IV

### ASSAULT

35.   The Plaintiff re-alleges the foregoing Paragraphs 1-34 as if set forth again here.

36.   The actions of the Defendant placed the Plaintiff in fear and apprehension of imminent bodily harm.

5

**WHEREFORE, PLAINTIFF PRAYS THAT THIS HONORABLE COURT:**

Enter Judgment against the Defendant, finding that the Defendant's conduct was knowingly and intentionally in bad faith, with knowledge or reason to know that their acts would cause substantial hardship to the Plaintiff, and against public policy and common law, for damages as follows:

1. An amount to be determined at trial of this matter, but at minimum, Two Million dollars ("$2,000,000.00") for general costs and damages.

2. For general damages in an amount to be determined for emotional distress, embarrassment, humiliation, anxiety, sleeplessness, and emotional trauma;

3. For all reasonable attorney's fees;

4. For all applicable interests and related costs;

5. For the costs of suit incurred herein, and;

6. For all other relief this Honorable Court deems meet, and just.

**The Plaintiff demands a trial by jury on all counts.**

Respectfully submitted,
The Plaintiff,
Janice Geronimo,
By her attorneys,

DATED: May 11, 2023

/s/ Richard C. Chambers, Jr., Esq.
Richard C. Chambers, Jr., Esq.
BBO#: 651251
Chambers Law Office
220 Broadway, Suite 404
Lynnfield, MA 01940
Office: (781) 581-2031
Cell: (781) 363-1773
Fax: (781) 581-8449
Email: richard@chamberslawoffice.com

DATED: May 11, 2023

/s/ Joseph Spinale., Esq.
Joseph Spinale, Esq.
BBO#: 548547
Chambers Law Office
220 Broadway, Suite 404
Lynnfield, MA 01940
Office: (781) 581-2031
Cell: (781) 838-1411
Fax: (781) 581-8449
Email: Joe@chamberslawoffice.com

5

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                    SUPERIOR COURT
                                                  CIVIL ACTION NO. 2281CV00325

-----------------------------------------------x

JANICE GERONIMO,                                 **RECEIVED**

                         Plaintiff,

              v.                                  05/12/23

MELROSE-WAKEFIELD HEALTHCARE
CORP.,

                         Defendant.

-----------------------------------------------x

## DEFENDANT'S NOTICE OF MOTION TO DISMISS

Pursuant to Superior Court Rule 9E Defendant hereby notifies the Court that it has served

a Motion to Dismiss the Complaint on Plaintiff pursuant to Superior Court Rule 9A as of the date

of the filing of this Notice.

Dated:  May 12, 2023                 Respectfully submitted,

                                     Melrose-Wakefield Healthcare, Corp.

                                     By its attorneys,

                                     */s Jamie Kessler*
                                     Jamie Kessler (BBO# 681867)
                                     Eve R. Keller (BBO Card Pending)
                                     JACKSON LEWIS P.C.
                                     75 Park Plaza, 4th Floor
                                     Boston, MA  02116
                                     Tel: (617) 367-0025
                                     Fax: (617) 367-2155
                                     jamie.kessler@jacksonlewis.com
                                     eve.keller@jacksonlewis.com

br

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of May 2023, a copy of the forgoing was served on all counsel of record by electronic mail.


*/s/ Eve R. Keller*
Jackson Lewis P.C.